```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LESLIE HURD,
                                    :
              Plaintiff,            :   (PRO SE)
                                    :
       -against-                    :   07 Civ. 3073 (JSR)(THK)
                                    :
                                    :
NEW YORK CITY HEALTH AND HOSPITALS  :
CORP.,                              :   REPORT AND RECOMMENDATION
                                    :
                                    :
              Defendant.            :
------------------------------------X
```

**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**
**TO: HON. JED S. RAKOFF, UNITED STATES DISTRICT JUDGE.**

Plaintiff Leslie Hurd filed the Complaint in this action on April 16, 2007, alleging that his employer, the New York City Health and Hospitals Corporation ("HHC" or "Defendant") discriminated against him on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The action was referred to this Court for general pretrial supervision and Reports and Recommendations on dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Presently before the Court is a motion to dismiss, pursuant to Rules 12(b) and (c) of the Federal Rules of Civil Procedure, to which Plaintiff has submitted no opposition. For the reasons that follow, the Court recommends that the motion be granted.

### DISCUSSION

I. <u>Failure to Properly Effect Service</u>

The Complaint in this action was filed on April 16, 2007. Because Plaintiff is proceeding pro se, he was provided with

instructions for service of process by the Court's Pro Se Office, This Court also advised him in a letter, dated May 17, 2007, that he was required to serve Defendant with the Summons and Complaint by no later than August 14, 2007, or the Complaint would be dismissed pursuant to Rule 4(m), Fed. R. Civ. P. Plaintiff did not serve Defendant with process until August 16, 2007, and, even then, merely served Defendant with the Summons and failed to serve Defendant with the Complaint. (See Declaration of John Blaha in Support of Defendant's Motion to Dismiss the Complaint, dated Oct. 30, 2007 ("Blaha Decl."), ¶¶ 4-7 & Ex. B.)

Defendant moves to dismiss pursuant to Rules 12(b)(2)(4)and (5), as well as Rule 12(c), Fed. R. Civ. P., asserting lack of jurisdiction over Defendant, insufficiency of process, and insufficiency of service of process. Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)," which is no later than 120 days after the filing of the complaint. Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court — upon motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Although Plaintiff served the Summons two days beyond the 120-

day period, there is a letter in the file indicating that Plaintiff attributes this delay to the fact that his mother had been hospitalized. This does not constitute "good cause" for the delay in filing. See Naglieri v. Valley Stream Central High Sch. Dist., No. 05 Civ. 1989 (TCP), 2006 WL 1582144, at *2 (E.D.N.Y. May 26, 2006) (good cause requires "diligent attempts" to effect service, which are thwarted by exceptional circumstances beyond a party's control; ignorance of the rules, inadvertence, or mistake do not constitute good cause); McKibben v. Credit Lyonnais, No. 98 Civ. 3358 (LAP), 1999 WL 604883, at *3 (S.D.N.Y. Aug. 10, 1999) ("Good cause or excusable neglect is generally found only in exceptional circumstances where plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control."); Scally v. Daniluk, No. 96 Civ. 7548 (KMW), 1997 WL 639036, at *2 (S.D.N.Y. Oct. 15, 1997) (plaintiff's involvement in automobile accident did not constitute "good cause" for failure to file within 120-day period). See also Jonas v. Citibank, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006) ("a mistaken belief that service of process was proper does not constitute good cause"). But, even assuming that Plaintiff's after-the-fact excuse constituted "good cause" for the late service,[1] Plaintiff has failed to dispute or

---

[1] In fact, even in the absence of "good cause" the Court has the discretion to extend the time for service of process, although it need not do so. See Henderson v. United States, 517 U.S. 654, 662, 116 S. Ct. 1638, 1643 (1996); Zapata v. City of New York, 502 F.3d 192, 196-97 (2d Cir. 2007) (district courts

explain the fact that he never served Defendant with the Complaint. Thus, he has failed to effect service of process on Defendant, as required by Rule 4(c), Fed. R. Civ. P. Moreover, he has not attempted to justify his failure, and has not requested additional time in which to serve Defendant. Instead, he has failed to respond in any fashion to Defendant's motion.

Accordingly, Defendant's motion to dismiss should be granted. See Toner v. Suffolk County Water Auth., 220 F.R.D. 20, 22 (E.D.N.Y. 2004) (where plaintiff failed to serve the summons and complaint within 120 days, causing the ninety-day Title VII statute of limitations to expire, court held: "[P]laintiff, who is proceeding pro se, received due notice of this motion and still failed to provide the Court with any arguments, equitable or otherwise, that addressed the merits of this motion. In the absence of any such argument, the Court is compelled by both the law and the undisputed procedural facts to [dismiss the action with prejudice].").

II. Dismissal With or Without Prejudice

Normally, when a plaintiff fails to effect service in compliance with Rule 4, dismissal is without prejudice. See Fed. R. Civ. P. 4(m). Defendant argues in the instant case, however, that this action should be dismissed with prejudice because any

---

have discretion to extend time for effecting service, even in the absence of a showing of good cause); Rule 4(m), Fed. R. Civ. P.

4

new-filed action would be time-barred.

Under Title VII, a plaintiff is required to file his action within ninety days of receiving a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996). This ninety-day period is subject to equitable tolling, and courts have recognized that after a complaint is filed, the limitations period is tolled during the 120-day period allowed for effecting service of process. See Frasca v. United States, 921 F.2d 450, 451 (2d Cir. 1990) ("the filing of the complaint does not toll the applicable statute of limitations beyond the 120-day period provided by Fed. R. Civ. P. 4(j))"); Clyburne v. Center for Comprehensive Health Practice, Inc., No. 04 Civ. 6695 (LTS)(DFE), 2006 WL 1559238, at *3 (S.D.N.Y. June 5, 2006); Ocasio v. Fashion Inst. of Tech., 86 F. Supp. 2d 371, 375 (S.D.N.Y. 2000). But, "if service is not complete by the end of the 120 days [or the end of an extension granted by the court], . . . the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to termination of the statute of limitations period." Clyburne, 2006 WL 1559238, at *3 (quoting Frasca v. United States, 921 F.2d 450, 453 (2d Cir. 1990)). See also Amnay v. Del Labs, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000) ("While the filing of a complaint tolls the statute of limitations, failure to complete service of the summons . . . within 120 days as required by Rule 4(m) ends the tolling period, and the statute of

limitations once again begins to run."); <u>Ocasio</u>, 86 F. Supp. 2d at 376 ("[I]f a plaintiff fails to effect service during the 120 days allotted by Rule 4(m), then the statute of limitations for the underlying claim again becomes applicable, and may serve to bar the claim if the statute runs before the plaintiff files another complaint.").

In the instant case, Plaintiff filed his Complaint on April 16, 2007, approximately 78 days after he received the right-to-sue letter from the EEOC, on or about January 28, 2007. Thus, by the time the Complaint was filed he had only about twelve days remaining before the statute of limitations expired. Assuming the statute of limitations was tolled for the next 120 days, it resumed running on or about August 14, 2007, and would have expired twelve days later, on August 26, 2007. Thus, the filing of any new action arising out of the facts alleged in Plaintiff's original EEOC complaint is likely to be time-barred. <u>See</u> <u>Amnay</u>, 117 F. Supp. 2d at 287 (denying any further extension of time to properly serve defendants because, even with tolling for the period to serve under Rule 4(c), ninety-day statute of limitations had expired without securing personal jurisdiction over the defendants).

Nevertheless, the Court recommends that this action be dismissed without prejudice, as is the usual form of dismissal under Rule 4(m). While it is likely that a subsequent action arising out of the same facts as this action will be time-barred,

6

there remains the possibility that, in a subsequent action, Plaintiff could argue for, and justify, equitable tolling of the ninety-day statute of limitations. That issue is not presently before the Court and is therefore not ripe for adjudication. See Egbuna v. Syracuse City Sch. Dist., No. 05 Civ. 112 (NAM) (GHL), 2006 WL 2792744, at *3-4 (N.D.N.Y. Sept. 27, 2006 (dismissing Title VII action without prejudice because of failure to properly serve summons and complaint within period granted for service, even though the statute of limitations would bar the plaintiff from re-filing the action); McKibben, 1999 WL 604883, at *4 (dismissal without prejudice proper, even if it occurs after the expiration of the applicable statute of limitations period); Stephens v. Metro. Transp. Auth. Inspector Gen.'s Office, No. 90 Civ. 3980 (LLS), 1991 WL 84540, at *3 (S.D.N.Y. May 14, 1991) ("A dismissal under Rule 4(j), although technically without prejudice, may effectively bar plaintiff's claim, as any refiling of the Title VII claim may be time-barred."); Ocasio, 86 F. Supp. 2d at 377 (original action where service was not effected within 120 days dismissed without prejudice, but in subsequent action, where the plaintiff proffered no reasons for equitable tolling, the action was dismissed with prejudice). But see Naglieri, 2006 WL 1582144, at *5 (dismissing complaint with prejudice where there had not been proper service of process, where claims would be time-barred in subsequent action; plaintiff had been heard on issue of whether a further extension of

7

time for service of process was justified, and court denied such an extension); Toner, 220 F.R.D. at 22 (dismissing case with prejudice where statute of limitations had expired and plaintiff had not proffered any reason why the statute of limitations should be tolled).

## CONCLUSION

For the reasons set forth above, this Court respectfully recommends that this action be dismissed without prejudice, pursuant to Rule 4(m), Fed. R. Civ. P.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this report to file written objections. See also Fed. R. Civ. P. 6(a) and (d). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 147-48, 106 S. Ct. 466, 471 (1985); Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002); Spence v. Superintendent, 219 F.3d 162, 174 (2d Cir. 2000); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1999)(per curiam).

Respectfully Submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: April 8, 2008
       New York, New York


Copies mailed to:

Jason Friedman, Esq.
Assistant Corporation Counsel
100 Church Street - Room 2-143
New York, New York 10007-2601


Leslie Hurd
189-15 Quencer Road
St. Albans, Queens 11412